# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FREDERICK GRAY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 16-145-RAW-SPS |
| **PATRICIA SORRELS, et al.,** | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brought this action on April 20, 2016, under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma (Dkt. 1). The eleven defendants are Patricia Sorrels, OSP Health Services Administrator; David Marlar, M.D., OSP Resident Physician; Buddy Honacker, DOC Health Services Administrator; Dr. Howard, OSP Resident Psychiatrist; Dr. Susan Shields, OSP Psychologist; Dr. Patricia Stem, DOC Regional Mental Health Coordinator; William Taylor, OSP Mental Health Unit Manager; Nancy Corpel, OSP LPN; Amber Robinson, OSP LPN; Alicia Scull, OSP LPN; and Brian Holder, OSP Correctional Officer.

Plaintiff alleges in his complaint that certain defendants were deliberately indifferent to his serious medical needs when his knee, shoulder, and neck pain were not treated in a timely manner. Plaintiff asserts the delay in his treatment resulted from racial discrimination, because other inmates received timely diagnoses and treatment for their medical problems. Plaintiff further claimed he is an insulin-dependant diabetic who takes a number of strong psychotropic medications, but in protest of his unfair treatment, he was refusing his medications.

On June 6, 2016, Plaintiff filed a motion for temporary restraining order (TRO) and

injunction (Dkt. 11), and on June 10, 2016, he filed and a second motion for TRO (Dkt. 13). On June 21, 2016, Plaintiff advised the Court that on June 16, 2016, he was transferred to Lawton Correctional Facility, where he currently is incarcerated (Dkt. 14).

Plaintiff alleged in his first motion (Dkt. 11) that on June 2, 2016, OSP Law Library Supervisor Remona Allan menaced him when he was in a cage in handcuffs and shackles, facing punishment for sexual activity with another inmate. *Id.* The motion sought a TRO against OSP defendants William Taylor, Dr. Patricia Stem, and Dr. Susan Shields, alleging these defendants wanted to unjustly remove Plaintiff from the OSP mental health unit and place him in the general population which was not air conditioned. He requested that the Court prevent his placement in the general population, where predatory inmates and cantankerous staff could take advantage of him. He further asked that his transfer to Joseph Harp Correctional Center be reinstated, if the officials determined he must be separated from the inmate with whom he had sex on May 31, 2016.

In his second motion for a TRO (Dkt. 13), Plaintiff alleged that from May 31, 2016, until June 9, 2016, he was denied outside cell exercise and access to the courts. He also claimed the inmate orderlies denied him sanitation, personal hygiene, and cleaning supplies, and he was unable to clean his cell from May 28, 2016, until June 9, 2016. In addition, the Caucasian inmates allegedly received immediate medical assistance, and a Hispanic inmate who attempted to rape an African-American correctional officer was not punished. Plaintiff asserted that after he had consensual sex with another inmate on May 31, 2016, he suffered deprivation of property, and he was incited to mania by "rogue" staff. He also complained he was being transferred to a facility where he once was abused and claimed he met all the DOC criteria for transfer to a lower security prison.

Plaintiff contended that racial, disability, and sexual orientation discrimination were the only plausible reasons for the bad treatment he received at OSP. He asked the Court to "put an immediate stop to it" by restraining Defendants Taylor, Stem, and Shields as well as those acting in concert with them.

2

After careful review, the Court finds Plaintiff's requests for a temporary restraining order and a preliminary injunction are moot, because he no longer is incarcerated at OSP.

> Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief. Because a prisoner's transfer or release "signal[s] the end of the alleged deprivation of his constitutional rights," *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1362 (11th Cir. 1984), an entry of equitable relief in his favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him." *Green*, 108 F.3d at 1300. Consequently, courts have routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot. *See Sossamon v. Texas*, 563 U.S. 277, 304 (2011) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *accord Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.), *cert. denied*, 562 U.S. 967 (2010); *Green*, 108 F.3d at 1300; *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)) ("[A] prisoner's claim for injunctive relief is moot if he or she is no longer subject to those conditions.")

*Jordon v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011) (footnote omitted).

Furthermore, with the exception of his claim of racial discrimination, Plaintiff's motions seek relief for claims beyond his complaint. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction. *See Terry v. Jones*, 2007 WL 962916 (W. D. Okla. Mar. 30, 2007) (unpublished opinion) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in his habeas petition). As for Plaintiff's request for a temporary restraining order, a TRO is intended to preserve the status quo until the court can rule upon the application for preliminary injunction. Fed. R. Civ. P. 65(b); James Wm. Moore, *Moore's Federal Practice*, § 65.30 (3d ed. 2008). Because the court is denying Plaintiff's preliminary injunction request with this Order, his request for a temporary restraining order also must be denied.

**ACCORDINGLY,** Plaintiff's motions for a temporary restraining order and a preliminary injunction (Dkts. 11 and 13) are DENIED.

3

**IT IS SO ORDERED** this 17th day of January 2017.

**Dated this 17th day of January, 2017.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma